# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2022

Lyle W. Cayce
Clerk

No. 19-60228
Summary Calendar

---

Silvia Dinora Hernandez-Abrego; Ashley Ascencio-Hernandez; Valery Ascencio-Hernandez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 984 627
BIA No. A208 984 628
BIA No. A208 984 629

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Silvia Dinora Hernandez-Abrego and her two minor daughters, natives and citizens of El Salvador, petition for review of the order of the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Board of Immigration Appeals (BIA) dismissing their appeal of the denial by the Immigration Judge (IJ) of their application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). They argue that they received invalid notices to appear (NTAs) under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which they contend deprived the immigration court of jurisdiction. However, the petitioners did not challenge the validity of their NTAs or jurisdiction over their cases before either the IJ or the BIA. Because these arguments were not exhausted, we lack jurisdiction to consider them. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see* 8 U.S.C. § 1252(d)(1).

Further, the petitioners argue that they demonstrated their entitlement to asylum and withholding of removal by proving the existence of past persecution by presenting evidence of gang threats, the murder of Hernandez-Abrego's husband's uncle and the disappearance of another uncle, and physical harm inflicted by the gang on Hernandez-Abrego's husband, as well as documentary evidence. They contend they established a nexus between the persecution and a protected ground because the evidence showed that the gang targeted Hernandez-Abrego because of her familial relationship with her husband. Because the BIA based its decision on the lack of a nexus between the proposed particular social group (PSG) and the feared persecution, only that issue is before us. *See Dong Sik Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981).

On petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). We "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The Attorney General may, within his discretion, grant asylum to a refugee, i.e., a person who is outside his country and "unable or unwilling to return 'because of

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)); 8 C.F.R. § 1208.13(b). The alien must demonstrate "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks, citations, and emphasis omitted).

In this case, the evidence does not suggest that the gang harbored an animus for the family. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). Rather, the gang targeted Hernandez-Abrego's husband and his uncles because they were perceived as wealthy and because they had motorcycles that the gang could use to commit crimes. *See id.* at 492-93. Economic extortion and actions based on a criminal motive or a desire for financial gain do not rise to persecution on account of a protected ground. *See Shaikh*, 588 F.3d at 864; *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2004). Moreover, many of the husband's family members were living in El Salvador without suffering physical harm from the gang. *See Ramirez-Mejia*, 794 F.3d at 493. Substantial evidence supports the BIA's and the IJ's determinations that Hernandez-Abrego's familial relationship was not a central reason for the persecution. *See Ramirez-Mejia*, 794 F.3d at 493; *Shaikh*, 588 F.3d at 864.

Withholding of removal has a higher "objective standard" than asylum, requiring an applicant to demonstrate "a clear probability of persecution on the basis of race, religion, nationality, membership in a particular social group, or political opinion." *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006) (internal quotation marks and citations omitted); *see* 8 C.F.R. § 1208.16(b)(1)(iii). Accordingly, the record does not compel the conclusion that the petitioners satisfied either the standard for asylum or

No. 19-60228

the more demanding standard for withholding of removal.  *See Gomez-Palacios*, 560 F.3d at 358; *Chen*, 470 F.3d at 1138.

Based on the foregoing, the petition is DENIED in part and DISMISSED in part for lack of jurisdiction.